OPINION
Appellant, Kim J. Sabo, appeals from the judgment of the conviction and sentence entered upon his guilty pleas under the provisions of Alfred v. North Carolina (1970), 400 U.S. 25, to two counts of gross sexual imposition, in violation of R.C.2907.05(A)(1). On February 22, 1999, Attorney George E. Lord filed a brief pursuant to Anders v. California (1967), 386 U.S. 738. Attorney Lord thereafter moved to withdraw as counsel for appellant. Anders established five criteria which must be met for a motion to withdraw by appellate counsel may be granted: The five criteria are:
(1) a showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellant's counsel; (3) the existence of a brief filed by appellant's counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and (5) a showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address.
State v. Martin (February 25, 1999), Lucas App. No. L-92-239, unreported. Upon review of the record, we find Attorney Lord complied with the procedures set forth in Anders and served appellant with a copy of the Anders brief and motion to withdraw as counsel. Although permitted to do so, and having been advised of his right, appellant has not filed a pro se brief on his behalf. In reviewing the motion to withdraw and the subsequent filings with the court, it appears that appellant's counsel thoroughly reviewed the transcript and the record in this case before determining the appeal to be frivolous, that he nonetheless filed a brief on behalf of appellant, that he provided a copy of the brief to appellant, and that said counsel advised appellant of his right to a pro se brief raising any additional assignments of error he believed appropriate. As such, this court hereby grants Attorney Lord's motion to withdraw as counsel for appellant. Furthermore, having independently examined the entire record in this matter, including but not limited to, the transcript of proceedings, we agree with the conclusion of appointed counsel for appellant that there are no arguably meritorious issues or errors that occurred during the proceedings before the Delaware County Court of Common Pleas to be raised or decided on appeal.
Therefore, the judgment of the conviction and sentence entered in the Delaware County Court of Common Pleas is hereby affirmed.
By Hoffman, J., Wise, P.J., and Gwin, J., concur